## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| HANGER SOLUTIONS, LLC, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SQUARESPACE, INC., | |
| Defendant. | |

## ORIGINAL COMPLAINT

Plaintiff HANGER SOLUTIONS, LLC (hereinafter, "Plaintiff" or "Hanger"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant SQUARESPACE, INC. (hereinafter, "Defendant" or "Squarespace") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action for damages related to Defendant's infringement of the following United States Patents (collectively, the "Patents-in-Suit"), copies of which are attached hereto as **Exhibit A, Exhibit B**, and **Exhibit C**, respectively:

|     | **U.S. Patent No.**           | **Title**                                                                                                                  |
| --- | ----------------------------- | -------------------------------------------------------------------------------------------------------------------------- |
| A.  | 6,430,623 ("'623 Patent")     | Domain Name Routing                                                                                                        |
| B.  | 6,609,159 ("'159 Patent")     | Methods, Systems, And Machine Readable Programming For Interposing Front End Servers Between Servers And Clients           |
| C.  | 6,772,227 ("'227 Patent")     | Communicating Between Address Spaces                                                                                       |

2. Because each of the Patents-in-Suit has expired, Plaintiff seeks only monetary damages.

## PARTIES

3. Hanger is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4. Based upon public information, Squarespace is a corporation duly organized and existing under the laws of the state of Delaware since October 29, 2007.

5. Based upon public information, Squarespace has its principal place of business located at 225 Varick Street, 12th Floor, New York, New York, 10014 (New York County).

6. Based upon public information, Squarespace has a second major place of business located at 311 SW Washington Street, Portland, Oregon, 97204 (Multnomah County).

7. Defendant may be served through its registered agent, Incorporating Services, Ltd., 3500 S. Dupont Highway, Dover, Delaware 19901.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9. The Court has personal jurisdiction over Squarespace because: Defendant has minimum contacts within the State of Delaware and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District; Defendant has sought protection and benefit from the laws of the State of Delaware and is incorporated there; Defendant regularly conducts business within the State of Delaware and within this District, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in this District.

10. More specifically, Squarespace, directly and/or through its intermediaries, ships,

distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Delaware, and in this District.

11. Based upon public information, Squarespace solicits customers in the State of Delaware and in this District and has many paying customers who are residents of the State of Delaware and this District and who use its products in the State of Delaware and in this District. Squarespace is also incorporated in the State of Delaware and in this District.

12. Venue is proper pursuant to 28 U.S.C. § 1400(b) because Squarespace resides in the District of Delaware because of its formation under the laws of Delaware.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Squarespace resides in the District of Delaware because of its formation under the laws of Delaware, which subjects it to the personal jurisdiction of this Court.

## BACKGROUND INFORMATION

14. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO") after full and fair examinations.

15. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

16. Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

17. Plaintiff does not sell, offer to sell, make, or use any products itself, so it does not have any obligation to mark any of its own products under 35 U.S.C. § 287.

18. Prior to bringing this lawsuit, the Plaintiff sent Squarespace claim charts for the '623 and 227 Patents.

## DEFENDANT'S PRODUCTS AND SERVICES

19.     Based upon public information, Squarespace owns, operates, advertises, and/or controls the website www.squarespace.com through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services, including Squarespace's website design and hosting platform and tools.  *See* **Exhibit D.**

20.     Based upon public information, Defendant provides sales information, training, and educational information, for its products.  *See* **Exhibit E.**

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,430,623

21.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

22.     U.S. Patent No. 6,430,623 (hereinafter, the "'623 Patent"), was issued on August 6, 2002 after full and fair examination by the USPTO of Application No. 09/492,565 which was filed on January 27, 2000.  *See* **Ex. A**.

23.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '623 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its website design and hosting platform and tools.  *See* **Ex. D**.

24.     Upon information and belief, the website design and hosting platform and tools meets each and every element of at least Claim 1 of the '623 Patent, either literally or equivalently.

25.     Based upon public information, the website design and hosting platform and tools has infringed one or more claims of the '623 Patent, including Claim 1, because, through an enabled device, it provides a method for communicating with entities (domains on various Squarespace web servers) in a private network (LAN/VPN/DMZ/firewalled/etc.) that initiates communications (from outside the private network via external device) with a first entity (domain) using a unique identifier (URL, not an IP address) that is used below the application layer

(transport layer via, *e.g.*, TSLv1.3), and where that first entity (domain) is in the private network (*e.g.,* private subnet), is an addressable physical entity (web server) that does not have a globally unique address (*e.g.,* using DMZ) and can communicate messages (packets) toward said first entity (domain) that reach said first entity via an intermediate entity (router) that has a first global address (IP address, *e.g.* 10.1.10.225).

26. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,609,159

28. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

29. U.S. Patent No. 6,609,159 (hereinafter, the "'159 Patent"), was issued on August 19, 2003 after full and fair examination by the USPTO of Application No. 09/201,303 which was filed on November 30, 1998. *See* **Ex. B**.

30. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '159 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its website design and hosting platform and tools. *See* **Ex. D**.

31. Upon information and belief, the website design and hosting platform and tools meets each and every element of at least Claim 6 of the '159 Patent, either literally or equivalently.

32. Based upon public information, the website design and hosting platform and tools has infringed one or more claims of the '159 Patent, including Claim 6, because it provides a

method for running an interposed dynamically-loaded library (libvirtd) linked to a back end server (server with KVM) in a given operating system space (Linux user space); running a front end server program (QEMU) loaded in the given operating system space (Linux user space); using the library to respond to standard operating system calls by the back end server, including using the library to respond to an operating system call by the back end server to accept a connection from a remote client (guest user on a back end server) by communicating the call and its parameters to the front end server (host server with QEMU) over a first pipe; using the front end server to accept a connection from a remote client; using the front end server to communicate a socket associated with the client connection to the library (via system socket activation); and using the library to return program flow from the library's execution of the accept call back to the back end server with information specifying the socket received from the front end server in the same format in which the operating system returns socket information in response to an accept call.

33. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

34. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,772,227

35. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

36. U.S. Patent No. 6,772,227 (hereinafter, the "'227 Patent"), was issued on August 3, 2004 after full and fair examination by the USPTO of Application No. 10/147,442 which was filed on May 16, 2002. *See* **Ex. C**. A Certificate of Correction was issued on June 5, 2007. *See id.*

37. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '227 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its website design and hosting platform and tools.  *See* **Ex. D**.

38. Upon information and belief, the website design and hosting platform and tools meets each and every element of at least Claim 1 of the '227 Patent, either literally or equivalently.

39. Based upon public information, website design and hosting platform and tools has infringed one or more claims of the '227 Patent, including Claim 1, because it provides a receiving a message (packet) from a first entity in a first address space (*e.g.,* 10.1.10.225), said message includes a destination network address (198.185.159.176) and an identification of a second entity (www.squarespace.com) in a second address space, said second entity does not have a routable address in said first address space (*e.g.*, using DMZ); determining a destination address in said second address space for said message based on said identification; and sending said message to a destination using said destination address (*e.g.*, using SNI routing) in said second address space (*e.g.*, DMZ).

40. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

41. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

42. Plaintiff demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

43. Plaintiff respectfully requests the following relief:

   A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Squarespace;

   B. An award of damages to be paid by Squarespace adequate to compensate Plaintiff for Squarespace's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Squarespace's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   C. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

   D. Any further relief that this Court deems just and proper.

Dated: May 27, 2021                    Respectfully submitted,

**Stamoulis & Weinblatt, LLC**

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com
Email: weinblatt@swdelaw.com

ATTORNEYS FOR PLAINTIFF *Hanger Solutions,, LLC*

*Of Counsel*
**HENINGER GARRISON DAVIS, LLC**
James F. McDonough, III (Bar No. 117088, GA)
Jonathan R. Miller (Bar No. 507179, GA)
Travis E. Lynch (Bar No. 162373, GA)
3621Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5502, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

**LIST OF EXHIBITS**
- A. U.S. Patent No. 6,430,623
- B. U.S. Patent No. 6,609,159
- C. U.S. Patent No. 6,772,227
- D. Webpage Describing Products Offered
- E. Webpage Describing Support for Products