UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
HANGER SOLUTIONS, LLC,                                       :
                                                             :
                         Plaintiff,                          :
                                                             :
              v.                                             :
                                                             :
SQUARESPACE, INC.                                            :   C.A. No. 21-cv-774-LPS
                                                             :
                         Defendant.                          :
                                                             :
-------------------------------------------------------------
```

## ANSWER

Defendant Squarespace, Inc. ("Squarespace"), by and through its attorneys, for its Answer to the "Original" Complaint of Plaintiff Hanger Solutions, LLC:

## NATURE OF THE ACTION

1. Admits that the "Original" complaint in this action (the "Complaint") alleges infringement of U.S. Patent No. 6,430,623, 6,609,159, and 6,772,227 (collectively, the "Patents-in-Suit"), admits that copies of the Patents-in-Suit appear to be attached to the Complaint as Exhibits A-C, and except as so admitted denies the allegations of paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Admits that Squarespace is a corporation organized and existing under the laws of the State of Delaware, and except as so admitted denies the allegations of paragraph 4 of the Complaint.

5. Admits that Squarespace has a principal place of business at 225 Varick Street, 12th Floor, New York, New York 10017, and except as so admitted denies the allegations of paragraph 5 of the Complaint.

6. Admits that Squarespace has an office located at 311 SW Washington Street, Portland, Oregon, 97204 (Multnomah County), and except as so admitted denies the allegations of paragraph 6 of the Complaint.

7. Admits that Squarespace does not contest the sufficiency of service of process in this action, and except as so admitted denies the allegations of paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Admits that the Court has jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338(a), and except as so admitted denies the allegations of paragraph 8 of the Complaint.

9. Admits that the Court has personal jurisdiction over Squarespace with respect to the purported claims stated in the Complaint, and except as so admitted denies the allegations of paragraph 9 of the Complaint.

10. Admits that Squarespace offers for sale, sells, and advertises its services in the United States, the State of Delaware and in this District, and except as so admitted denies the allegations of paragraph 10 of the Complaint.

11. Admits that Squarespace solicits customers in the State of Delaware and in this District, has customers who are residents of the State of Delaware and this District; admits that Squarespace is incorporated in the State of Delaware, and except as so admitted denies the allegations of paragraph 11 of the Complaint.

12. Admits that venue is proper in this district under 28 U.S.C. § 1400(b), and except as so admitted denies the allegations of paragraph 12 of the Complaint.

13. Admits that Squarespace is a corporation organized and existing under the laws of the State of Delaware, and except as so admitted denies the allegations of paragraph 13 of the Complaint.

## BACKGROUND INFORMATION

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Admits on or about August 31, 2020, William Hartselle of IP Investment Group sent two documents to Squarespace styled "claim charts," refers to those documents for the precise contents thereof, and except as so admitted denies the allegations of paragraph 18 of the Complaint.

## DEFENDANT'S PRODUCTS AND SERVICES

19. Admits that Squarespace owns, operates, advertises, and controls the website associated with the universal resource locator www.squarespace.com, and except as so admitted denies the allegations of paragraph 19 of the Complaint.

20. Admits that Squarespace provides instructional materials on the website associated with the universal resource locator www.squarespace.com, and except as so admitted denies the allegations of paragraph 20 of the Complaint.

**COUNT I: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,430,623**

21. Repeats and incorporates paragraphs 1–20, above, as if fully set forth here.

22. Admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,430,623 (the "'623 Patent"), and except as so admitted denies the allegations of paragraph 22 of the Complaint.

23. Admits that Squarespace makes, uses, offers for sale, sells, and advertises website design and hosting platform and tools products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

**COUNT II: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,609,159**

28. Repeats and incorporates paragraphs 1–27, above, as if fully set forth here.

29. Admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,609,159 (the "'159 Patent"), and except as so admitted denies the allegations of paragraph 29 of the Complaint.

30. Admits that Squarespace distributes, makes, uses, offers for sale, sells, and advertises website design and hosting platform and tools products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

**COUNT III: PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,772,227**

35. Repeats and incorporates paragraphs 1–34, above, as if fully set forth here.

36. Admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 6,772,227 (the "'227 Patent"), and except as so admitted denies the allegations of paragraph 36 of the Complaint.

37. Admits that Squarespace makes, uses, offers for sale, sells, and advertises website design and hosting platform and tools products, refers to those products for their precise structure, configuration, and operation, and except as so admitted denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

**JURY DEMAND**

42. Squarespace reserves the right to independent judicial determination of all issues as to which there is no right to trial by jury, including (i) whether the subject matters claimed in the Patents-in-Suit qualify as inventions of inventors under 35 U.S.C. § 101, (ii) whether the claims of the Patents-in-Suit are compliant with 35 U.S.C. § 112, and (iii) whether the subject matters claimed in the Patents-in-Suit satisfy the non-obvious subject matter requirement prescribed in 35 U.S.C. § 103.

## PLANTIFF'S PRAYER FOR RELIEF

43. Squarespace denies that Hanger is entitled to any of the relief requested in paragraphs A–D under the Prayer for Relief heading of the Complaint.

## GENERAL DENIAL

44. Except as explicitly admitted herein, Squarespace denies each and every allegation, whether express or implied, contained in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE – INVALIDITY OF THE '623 PATENT FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112

45. Claims 1-11 of the '623 Patent recite a "method for communicating with entities in a private network."

46. In the context of claims 1–11 of the '623 Patent, the term "communicating" denotes a function performed by a machine.

47. The "methods" recited in claims 1-11 of the '623 Patent consist of the operation or function of a machine, namely, a computer system.

48. The specification of the '623 Patent does not disclose any physical structure that performs the "methods" recited in claims 1-11 of the '623 Patent.

49. The specification of the '623 Patent does not disclose any computer program code that causes a computer system to perform the "methods" recited in claims 1-11 of the '623 Patent.

50. Claims 1-11 of the '623 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

51. The claim phrase "initiating communication with a first entity" denotes a function performed by a machine.

52. The specification of the '623 patent does not disclose any physical structure that performs "initiating communication with a first entity."

53. The specification of the '623 Patent does not disclose any computer program code that causes a computer system to perform "initiating communication with a first entity."

54. The claim phrase "communicating messages toward said first entity" denotes a function performed by a machine.

55. The specification of the '623 patent does not disclose any physical structure that performs "communicating messages toward said first entity."

56. The specification of the '623 Patent does not disclose any computer program code that causes a computer system to perform "communicating messages toward said first entity."

57. By reason of the facts alleged in paragraphs 45-56, above, at least claims 1-11 of the '623 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

**SECOND DEFENSE – INVALIDITY OF THE '159 PATENT
FOR FAILURE TO COMPLY WITH REQUIREMENTS OF 35 U.S.C. § 112**

58. Claims 6-18 of the '159 Patent recite a "computerized method for interposing a front end server between a back end server program running in a given operating system space on a given computer and one or more client programs running on remote computers connected to the given computer via a computer network."

59. In the context of claims 6–18 of the '159 Patent, the phrase "interposing" denotes a function performed by a machine.

60. The "methods" recited in claims 6-18 of the '159 Patent consist of the operation or functions of a machine, namely, a computer system.

61. The specification of the '159 Patent does not disclose any physical structure that performs the "methods" recited in claims 6-18 of the '159 Patent.

62. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform the "methods" recited in claims 6-18 of the '159 Patent.

63. Claims 6-18 of the '159 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

64. The claim phrase "running an interposed dynamically-loaded library" denotes a function performed by a machine.

65. The specification of the '159 patent does not disclose any physical structure that performs "running an interposed dynamically-loaded library."

66. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "running an interposed dynamically-loaded library."

67. The claim phrase "running a front end server program which is loaded in the given operating system space" denotes a function performed by a machine.

68. The specification of the '159 patent does not disclose any physical structure that performs "running a front end server program which is loaded in the given operating system space."

69. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "running a front end server program which is loaded in the given operating system space."

70. The claim phrase "using the library to respond to standard operating system calls by the back end server" denotes a function performed by a machine.

71. The specification of the '159 patent does not disclose any physical structure that performs "using the library to respond to standard operating system calls by the back end server."

72. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "using the library to respond to standard operating system calls by the back end server."

73. The claim phrase "communicating the call and its parameters to the font [sic] end server over a first pipe" denotes a function performed by a machine.

74. The specification of the '159 patent does not disclose any physical structure that performs "communicating the call and its parameters to the font [sic] end server over a first pipe."

75. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "communicating the call and its parameters to the font [sic] end server over a first pipe."

76. The claim phrase "using the font [sic] end server to accept a connection from a remote client" denotes a function performed by a machine.

77. The specification of the '159 patent does not disclose any physical structure that performs "using the font [sic] end server to accept a connection from a remote client."

78. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "using the font [sic] end server to accept a connection from a remote client."

79. The claim phrase "using the font [sic] end server to communicate a socket associated with the client connection to the library" denotes a function performed by a machine.

80. The specification of the '159 patent does not disclose any physical structure that performs "using the font [sic] end server to communicate a socket associated with the client connection to the library."

81. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "using the font [sic] end server to communicate a socket associated with the client connection to the library."

82. The claim phrase "using the library to return program flow from the library's execution of the accept call back to the back end server" denotes a function performed by a machine.

83. The specification of the '159 patent does not disclose any physical structure that performs "using the library to return program flow from the library's execution of the accept call back to the back end server."

84. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "using the library to return program flow from the library's execution of the accept call back to the back end server."

85. The claim phrase "using the library to return program flow … in the same format in which the operating system returns socket information in response to an accept call" denotes a function performed by a machine.

86. The specification of the '159 patent does not disclose any physical structure that performs the "using the library to return program flow … in the same format in which the operating system returns socket information in response to an accept call."

87. The specification of the '159 Patent does not disclose any computer program code that causes a computer system to perform "using the library to return program flow … in the same format in which the operating system returns socket information in response to an accept call."

88. By reason of the facts alleged in paragraphs 58-87, above, at least claims 6-18 of the '159 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

### THIRD DEFENSE – INVALIDITY OF THE '227 PATENT FOR FAILURE TO COMPLY WITH REQUIREMENTS 35 U.S.C. § 112

89. Claims 1-7 of the '227 Patent recite a "method for communicating."

90. In the context of claims 1-7 of the '227 patent, the term "communicating" denotes a function performed by a machine, namely, a computer system.

91. The specification of the '227 Patent does not disclose any physical structure that performs the claimed "communicating" function.

92. The specification of the '227 Patent does not disclose any computer program code that configures a computer system to perform the claimed "communicating" function.

93. Claims 1-7 of the '227 Patent are worded in such a way as to encompass any and every computer system that performs the functions referred to in those claims, regardless of what might be the computer system's physical structure or computer program code.

94. The claim phrase "receiving a message from a first entity" denotes a function performed by a machine.

95. The specification of the '227 patent does not disclose any physical structure that performs "receiving a message from a first entity."

96. The specification of the '227 Patent does not disclose any computer program code that causes a computer system to perform "receiving a message from a first entity."

97. The claim phrase "determining a destination address in said second address space for said message based on said identification" denotes a function performed by a machine.

98. The specification of the '227 patent does not disclose any physical structure that performs "determining a destination address in said second address space for said message based on said identification."

99. The specification of the '227 Patent does not disclose any computer program code that causes a computer system to perform "determining a destination address in said second address space for said message based on said identification."

100. The claim phrase "sending said message to a destination using said destination address in said second address space" denotes a function performed by a machine.

101. The specification of the '227 patent does not disclose any physical structure that performs "sending said message to a destination using said destination address in said second address space."

102. The specification of the '227 Patent does not disclose any computer program code that causes a computer system to perform "sending said message to a destination using said destination address in said second address space."

103. By reason of the facts alleged in paragraphs 89-102, above, at least claims 1-7 of the '227 Patent are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2.

### FIFTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 101

104. The subject matters claimed in the Patents-in-Suit do not qualify as "inventions" of "inventors" that are eligible for patenting under 35 U.S.C. § 101.

### SIXTH DEFENSE – UNAUTHORIZED DOUBLE PATENTING

105. The '623 Patent was issued for the same alleged invention as was previously patented under U.S. Patent No. 6,119,171.

106. The '227 Patent was issued for the same alleged invention as was previously patented under the '623 Patent and U.S. Patent No. 6,119,171.

107. The '623 Patent and the '227 Patent are invalid under 35 U.S.C. § 101 and controlling precedent including *Underwood v. Gerber*, 149 U.S. 224 (1893).

### SEVENTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 112 ¶ 2

108. The claims in the Patents-in-Suit do not particularly point out any alleged improvement in the art but hide and conceal any such improvement within broad recitals of generic elements claimed in aggregation. The claims in the Patents-in-Suit are invalid for failure to satisfy the particularity requirements of 35 U.S.C. § 112 ¶ 2.

### EIGHTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 102

109. The asserted claims of the Patents-in-Suit fail to satisfy the subject matter novelty condition for patentability, for at least the reason that the claims encompass subject matter that constitute prior art.

### NINTH DEFENSE – INVALIDITY UNDER 35 U.S.C. § 103

110. The asserted claims of the Patents-in-Suit fail to satisfy the non-obvious subject matter condition for patentability, for at least the reason that the claims encompass subject matters that constitute the predictable use of prior art elements according to their established functions and the mere application of known techniques to prior art ready for the improvement.

## TENTH DEFENSE – PRINCIPLES OF EQUITY

111.  Plaintiff's claims are barred, in whole or in part, by principles of equity, including principles of equitable intervening rights.

## ELEVENTH DEFENSE – FAILURE TO STATE A CLAIM

112.  Plaintiff has failed to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Squarespace prays that the Court render judgment:

A.  Dismissing Hanger's Complaint with prejudice;

B.  Declaring this case to be "exceptional" within the meaning of 35 U.S.C. § 285;

C.  Awarding Squarespace its reasonable attorneys' fees and taxable costs incurred in defending this action;

D.  Awarding Squarespace such other and further relief as this Court may deem just and proper.

Dated: July 20, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

James W. Dabney (admitted *pro hac vice*)
James R. Klaiber (admitted *pro hac vice*)
Lynn M. Russo (admitted *pro hac vice*)
Michael M. Polka (admitted *pro hac vice*)
Justin W. Taylor (admitted *pro hac vice*)

                HUGHES HUBBARD & REED LLP
                One Battery Park Plaza
                New York, NY  10004-1482
                T: 212.837.6000
                F: 212.422.4726
                james.dabney@hugheshubbard.com
                james.klaiber@hugheshubbard.com
                lynn.russo@hugheshubbard.com
                michael.polka@hugheshubbard.com
                justin.taylor@hugheshubbard.com

                **ATTORNEYS FOR DEFENDANT**
                **SQUARESPACE, INC.**