**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HANGER SOLUTIONS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 21-cv-774-LPS |
| SQUARESPACE, INC., | |
| Defendant. | |

## SQUARESPACE, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY

Dated: December 7, 2021

Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

James W. Dabney (admitted *pro hac vice*)
James R. Klaiber (admitted *pro hac vice*)
Lynn M. Russo (admitted *pro hac vice*)
Michael M. Polka (admitted *pro hac vice*)
Justin W. Taylor (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
T: 212.837.6000
F: 212.422.4726
james.dabney@hugheshubbard.com
james.klaiber@hugheshubbard.com
lynn.russo@hugheshubbard.com
michael.polka@hugheshubbard.com
justin.taylor@hugheshubbard.com

**ATTORNEYS FOR DEFENDANT**
**SQUARESPACE, INC.**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................1

II.     PROCEDURAL BACKGROUND AND SIMILARITY OF CASES .............................2

      A.      Stage of The Proceedings. ...................................................................................2

      B.      This Case and The *DataCloud* Action Are Related.........................................3

III.    ARGUMENT.....................................................................................................................5

      A.      The Court Has Discretion To Stay This Action. ...............................................5

      B.      A Stay Will Reduce Or Eliminate Issues In This Action. ..................................6

      C.      A Stay Is Warranted Because This Action Is In Its Infancy...............................8

      D.      A Stay Will Not Unduly Prejudice Plaintiffs, But Squarespace Will Be Unduly Prejudiced If This Action Proceeds....................................................9

IV.     CONCLUSION ................................................................................................................11

i

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                       **<u>Page(s)</u>**

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.,*
    2007 WL 2892707 (D. Del. Sept. 30, 2007)............................................................ 8

*Amgen Inc. v. Hospira, Inc.*,
    Civil Action No. 20-561-CFC, 2021 WL 65065 (D. Del. Jan. 7, 2021)................................ 6, 9

*Bechtel Corp. v. Local 215, Laborers' Int'l Union,*
    544 F.2d 1207 (3d Cir. 1976)........................................................................ 5, 8

*Cost Bros., Inc. v. Travelers Indem. Co.,*
    760 F.2d 58 (3d Cir. 1985)............................................................................. 5

*Helios Software, LLC v. Spectorsoft Corp.,*
    Civil Action No. 15-20-LPS-CJB, 2015 WL 1387583 (D. Del. Mar. 25, 2015)...................... 6

*Kaavo Inc. v. Cognizant Technol. Sol'ns Corp.,*
    *No.* 14-1192-LPS-CJBand 14-1193-LPS-CJB,
    2015 WL 1737476, (D. Del. Apr. 9, 2015)............................................................... 9

*Landis v. North American Co.,*
    299 U.S. 248 (1936).................................................................................... 5, 9

*Pactiv Corp. v. Multisorb Technol. Inc.*,
    2011 WL 686813 (N.D. Ill. Feb. 15, 2011) ............................................................. 6

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.,*
    2012 WL 2803695 (D. Del. July 10, 2012) ............................................................. 8

*Rodgers v. US Steel Corp.,*
    508 F.2d 152 (3d Cir. 1975)............................................................................. 5

*SanDisk Corp. v. Phison Electronics Corp.,*
    538 F.Supp.2d 1060 (Fed. Cir. 2008) ................................................................ 6, 7

*SCA Hygiene Products Aktiebolag v. Tarzana Enterprises,*
    2017 WL 5952166 (C.D. Cal. Sep. 27, 2017).......................................................... 9

*Sorensen ex rel. Sorenson Research and Development Trust v. Black and Decker Corp.,*
    2007 WL 2696590 (S.D. Cal. Sept. 10, 2007)....................................................... 8, 9

*United Carbon Co. v. Binney & Smith Co.*,
    317 U.S. 228 (1942).................................................................................... 3, 7

**Statutes and Rules**

35 U.S.C. § 112.................................................................................................................*passim*

Fed. R. Civ. P. 12(c) ................................................................................................. 1, 3

I.     **INTRODUCTION AND SUMMARY OF ARGUMENT**

This case should be stayed pending the outcome of Defendant Squarespace, Inc.'s Motion to Dismiss in *DataCloud Technologies, LLC v. Squarespace, Inc.*, No. 21-cv-164-LPS (the "*DataCloud* action"). These cases are related at least because: (1) the same Squarespace products and services are at issue in both cases; (2) Squarespace has raised identical invalidity defenses in both cases; and (3) plaintiffs Hanger Solutions, LLC ("Hanger") and DataCloud Technologies, LLC are both subsidiaries of Brainbox Innovations, LLC and speak to Squarespace with a single voice.

In the *DataCloud* action, DataCloud claims that its patents are infringed by Squarespace's website, including its website design and hosting services. Similarly, in the instant action, DataCloud's sibling entity Hanger accuses the identical products and services of infringement. Squarespace's principal invalidity defenses in both cases are based on the failure of the patents at issue to meet the "particularly pointing out" requirement of 35 U.S.C. § 112 ¶ 2 (2006), and Squarespace has moved for judgment on the pleadings in the DataCloud action pursuant to Federal Rule of Civil Procedure 12(c) on that basis. Actively litigating this action will duplicatively address legal and factual issues already in dispute in the *DataCloud* action. Despite this disruption and overlap, Plaintiffs have refused to stipulate to a stay.

The Court should stay this action because: (1) a stay will promote judicial efficiency as the issues in this case will be simplified by findings in the other action; (2) this action is recently filed and discovery has not commenced; and (3) Plaintiffs will not be prejudiced by a stay. To the contrary, Squarespace will be unfairly prejudiced, and the Court unreasonably burdened, by duplicative litigation of issues to be resolved in the first filed action.

1

II.     **PROCEDURAL BACKGROUND AND SIMILARITY OF CASES**

    A.     **Stage of The Proceedings.**

The *DataCloud* action was filed on February 8, 2021, with an Amended Complaint filed on June 11, 2021.  DataCloud's Amended Complaint in the *DataCloud* action asserts that Squarespace's "website design products and services", including "the website www.squarespace.com" infringes seven patents owned by DataCloud.  *DataCloud* action D.I. 21 ¶¶ 18-19 (referring to Exs. G-I), ¶¶ 22, 38, 52 ("website design/builder product"); ¶¶ 60, 82 ("Squarespace Website Hosting") (emphases added).  The exhibits DataCloud relied on to identify the accused products and services include Exhibit G, entitled "Webpage: Products Offered" and Exhibit H, entitled "Webpage: Training for Products." *Id.*, D.I. 21-2 at 159-210. Squarespace filed a verified answer to the amended complaint in the *DataCloud* action on July 20, 2021, and asserted that each of the asserted claims of the patents at issue "are invalid as claiming the function or result of a machine in contravention of the requirements 35 U.S.C. § 112 ¶¶ 1 and 2." *DataCloud* action D.I. 23 ¶¶ 112, 137, 143, 150, 159, 165, 171.

This action was filed on May 27, 2021. *See* D.I. 1.  In allegations nearly identical to those in the *DataCloud* action, Hanger's complaint asserts that Squarespace's "website design and hosting platform and tools," including "the website www.squarespace.com" infringes three patents owned by Hanger.  *Id.* ¶¶ 19-20 (referring to Exs. D-E), ¶¶ 24, 30, 37 ("website design and hosting platform and tools") (emphases added).  The exhibits Hanger relied on to identify the accused products and services include Exhibit D, entitled "Webpage: Products Offered" and Exhibit E, entitled "Webpage: Training for Products." D.I. 1-4, 1-5.  Each of the 11 pages of Exhibit D and the 39 pages of Exhibit E to Hanger's complaint are identical to the corresponding pages of Exhibits G and H to the Amended Complaint in the *DataCloud*

action.  *Id.*; *see DataCloud* action D.I. 21-2 at 159-210. Hanger "does not sell, offer to sell, make, or use any products itself[.]" D.I. 1 ¶ 17.

Squarespace filed a verified answer to the complaint in this case on July 20, 2021 (the same date as its answer to the Amended Complaint in the *DataCloud* action), and asserted that each of the asserted claims of the patents at issue "are invalid as claiming the function or result of a machine in contravention of the requirements 35 U.S.C. § 112 ¶¶ 1 and 2."  D.I. 14 ¶¶ 57, 88, 103.

Shortly thereafter, on July 28, 2021, Squarespace filed its Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c) in the *DataCloud* action. *See DataCloud* action D.I. 24.  Building on its verified answer, Squarespace asserted that each of the claims of the asserted patents "violate[] the 'particularly pointing out' provision of 35 U.S.C. § 112 ¶ 2 and its associated 'rule that a patentee may not broaden his claims by describing the product in terms of function.'" *DataCloud* action D.I. 25 at 2-15 (*citing United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 234 (1942).  Squarespace's motion is fully briefed and is pending before this Court. *See DataCloud* action D.I. 27, 29.

Accordingly, this case and the *DataCloud* action involve identical accused products and services as well as identical invalidity defenses to all asserted claims.

**B.**     **This Case and The *DataCloud* Action Are Related.**

This case and the *DataCloud* action are related because: (1) the same Squarespace products and services are at issue in both cases; (2) Squarespace has raised identical invalidity defenses in both cases; and (3) plaintiffs Hanger and DataCloud are both subsidiaries of Brainbox Innovations, LLC, and have acted in concert with each other in their assertion campaigns against Squarespace.

3

As set forth above, the "products and services" identified by Hanger and DataCloud as allegedly infringing are identical in both cases. D. I. 1 ¶¶ 19-20, 24, 30, 37, D. I. 1-4, 1-5; *DataCloud* action D.I. 21 ¶¶ 18-19, 22, 38, 52, D.I. 21-2 at 159-210. Furthermore, Squarespace has raised identical affirmative defenses to all patent claims asserted in this case and the *DataCloud* action, alleging that they "are invalid as claiming the function or result of a machine in contravention of the requirements 35 U.S.C. § 112 ¶¶ 1 and 2." D.I. 14 ¶¶ 57, 88, 103; *DataCloud* action D.I. 23 ¶¶ 112, 137, 143, 150, 159, 165, 171.

Hanger and DataCloud are both subsidiaries of Brainbox Innovations LLC. *See* D.I. 4; *DataCloud* action D.I. 4. Hanger and DataCloud are each a "limited liability company organized and existing under the laws of Georgia" and each "maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia 3009 (Fulton County)." D.I. 1 ¶ 3; *DataCloud* action D.I. 21 ¶ 3. The patents asserted in this case were assigned to Hanger on December 6, 2019 by Intellectual Ventures Assets 161 LLC, having an address at 251 Little Falls Drive, Wilmington, DE 19808, and the patents asserted in the *DataCloud* action were assigned to DataCloud on November 15, 2019 by Intellectual Ventures Assets 151 LLC and Intellectual Ventures Assets 148 LLC, each having an address at 251 Little Falls Drive, Wilmington, DE 19808. *See* Declaration of Lynn M. Russo ("Decl. Russo") ¶¶ 2-3, Exs. 1-3. Both Hanger and DataCloud have engaged IPinvestments Group as their agent in assertions against Squarespace of the patents at issue in both cases, and that agent has asserted both portfolios in several communications with Squarespace. *See* D.I. 1 ¶ 18 ("Prior to bringing this lawsuit, the Plaintiff sent Squarespace claim charts for the '623 and 227 Patents."); *DataCloud* action D.I. 21-2 at 89-90 (Letter dated April 16, 2020 from William H. Hartselle of IPinvestments Group asserting DataCloud patents); Decl. Russo ¶ 4, Ex. 4 (Email dated

4

August 31, 2020 from William H. Hartselle asserting DataCloud and Hanger patents as their "exclusive licensing agent").

The infringement allegations against Squarespace, as identified by Hanger and DataCloud, involve identical products. Squarespace's affirmative defenses against all asserted patent claims in both cases involve an identical allegation of invalidity. Hanger and DataCloud are closely-related entities having a common parent. In their assertions against Squarespace, Hanger and DataCloud speak with a single voice. By any measure, this case and the *DataCloud* action are closely related.

## III.    ARGUMENT

### A.    The Court Has Discretion To Stay This Action.

A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.,* 760 F.2d 58, 60-61 (3d Cir. 1985). A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and                             for                             litigants." *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may    substantially    affect    it    or    be    dispositive    of    the    issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union,* 544 F.2d 1207, 1215 (3d Cir. 1976). *See also*

*Rodgers v. US Steel Corp.,* 508 F.2d 152, 162 (3d Cir. 1975) ("The district court had inherent discretionary authority to stay proceedings pending litigation in another court.").

This Court considers three factors in determining whether a stay is warranted: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation,

particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Helios Software, LLC v. Spectorsoft Corp.,* Civil Action No. 15-20-LPS-CJB, 2015 WL 1387583 at *1 (D. Del. Mar. 25, 2015). All three factors weigh heavily in favor of staying this action pending resolution of Defendant's Motion for Judgment on the Pleadings in the *DataCloud* action.

**B.      A Stay Will Reduce Or Eliminate Issues In This Action.**

A stay in this action in favor of adjudication of issues in the related *DataCloud* action "could provide some degree of simplification of the issues" where resolution of invalidity arguments in the *DataCloud* action "will likely have an impact on this matter." *Helios*, 2015 WL 1387583 at *1. "Staying the instant action will help prevent overlapping invalidity and noninfringement issues from unnecessarily being tried twice." *Amgen Inc. v. Hospira, Inc.*, Civil Action No. 20-561-CFC, 2021 WL 65065 at *2 (D. Del. Jan. 7, 2021). In *Helios*, a patent infringement case (" *Spectorsoft II*") was stayed pending entry of judgment in a related case (" *Spectorsoft I*"). The Court held that, where the resolution of issues at trial in *Spectorsoft I* "will likely have an impact" on the issues in *Spectorsoft II, Spectorsoft II* was in its infancy, and a stay through completion of the jury trial would not cause undue prejudice to the plaintiff, a stay in *Spectorsoft II* was warranted. *Helios* at *1.

Numerous courts have acknowledged the judicial efficiency achieved in not simultaneously litigating cases where "the cases are likely to overlap substantially in discovery and factual and legal disputes."

6

*SanDisk Corp. v. Phison Electronics Corp.,* 538 F.Supp.2d 1060, 1066 (Fed. Cir. 2008) (granting motion to stay patent infringement case where a parallel case and ITC action all "address[ed] infringement of the same products against the same defendants").  Courts have also acknowledged that cases involving different patents can be nonetheless related, particularly where "the relevant language of the complaints is nearly identical." *Pactiv Corp. v. Multisorb Technol. Inc.*, 2011 WL 686813 at *3 (N.D. Ill. Feb. 15, 2011) (granting defendant's motion to consolidate cases involving unrelated patents where infringement allegations in the complaints use identical language and allege infringement by the same product, holding that "discovery and damage analysis will be similar in both cases…[and] there is significant overlap in [defendant's] defenses to the two actions.")

Here,                                    as                                    in *SanDisk* and *Pactiv*, the patents asserted in these actions, while not identical, are asserted in the same manner, using the same language, against the same products and services.

Squarespace has raised identical affirmative defenses to all patent claims asserted in this case and the *DataCloud* action, alleging that they "are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2."  D.I. 14 ¶¶ 57, 88, 103; *DataCloud* action D.I. 23 ¶¶ 112, 137, 143, 150, 159, 165, 171. Squarespace's pending motion on the pleadings in the *DataCloud* action makes plain that each of the claims of the asserted patents "violate[] the 'particularly pointing out' provision of 35 U.S.C. § 112 ¶ 2" as well as *United Carbon*'s "'rule that a patentee may not broaden his claims by describing the product in terms of function.'"  *DataCloud* action D.I. 25 at 2-15 (quoting *United Carbon*, 317 U.S. at 234).  Thus, resolution of issues pertaining to the validity of the

asserted patents in the *DataCloud* action will have a direct and immediate impact on the validity of the patents asserted in this case, and thus will simplify litigation of the present case.

Because of these overlapping issues, staying the present case pending resolution of Defendant's dispositive motion in the *DataCloud* action avoids unnecessary duplication and will ultimately streamline this action.  It would be inefficient and a waste of judicial resources for the parties to simultaneously litigate the same allegations against, and defenses of, the same product, in two separate cases.  This factor weighs in favor of a stay pending resolution of the Motion for Judgment on the Pleadings in the *DataCloud* action*. See nCUBE Corp. v. Seachange Int'l, Inc.,* 2010 U.S. Dist. LEXIS 55497, *7-8 (D. Del. June 4, 2010) (Staying one action until resolution of another pending action between same parties was "the most efficient means of addressing the parties current dispute."). The present case should be stayed until resolution of the pending motion in the *DataCloud* action.

### C.      A Stay Is Warranted Because This Action Is In Its Infancy.

This case was only recently filed.  The scheduling conference has not occurred, no scheduling order has issued, discovery has not commenced, and there is no trial date. Squarespace brought this motion at the earliest possible stage of this litigation.  This factor favors                                                 a                                                 stay. *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.,* 2012 WL 2803695, *2 (D. Del. July 10, 2012) (staying litigation where proceedings were "in their infancy" in that the motion to stay was filed before any trial date had been set and any discovery had been scheduled); *Abbott Diabetes Care, Inc. v. Dexcom, Inc.,* 2007 WL 2892707, *5 (D. Del. Sept. 30, 2007) (staying litigation where no Rule 16 scheduling conference or discovery had occurred, no scheduling order had been entered, and "little time [had] yet to be invested in the litigation").

**D.     A Stay Will Not Unduly Prejudice Plaintiffs, But Squarespace Will Be Unduly Prejudiced If This Action Proceeds.**

Hanger will not be unduly prejudiced by a stay in this action because all patents-at-issue are expired, and the parties are not competitors.

All three patents asserted in this action expired in 2018, and were already expired when they were assigned to Hanger in December 2019. See D.I. 1-1 at 2, ¶ 63; D.I. 1-2 at 2, ¶22; D.I. 1-3 at 2, ¶ 63; Decl. Russo ¶ 4, Ex. 3.  As such, the Plaintiff's remedy is limited to monetary damages plus potential prejudgment interest, which is an adequate remedy for adjudicated infringement of an expired patent. *See, Sorensen ex rel. Sorenson Research and Development Trust v. Black and Decker Corp.*, 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007).  In *Sorensen*, the Court granted a motion to stay pending reexamination of an asserted patent.  The Court noted that the patent would expire during the reexamination, but held that "monetary damages… with the addition of prejudgment interest, are fully capable of compensating Plaintiff" for past infringement of an expired patent and that, in this situation, "[t]he general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay." *Id. See also*, *Amgen*, 2021 WL 65065 at *2 ("[a] stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit— it only delays realization of those damages[.]").  Thus, a stay of this case will not impact the availability of remedies to the Plaintiff.

Further, Hanger is not a competitor with Squarespace in the field of website design and hosting (and does not practice the asserted patents in any other way, *see* D.I. 1 ¶ 17). Ongoing competition between parties "is often a very important [subfactor] in the stay calculus." *Kaavo Inc. v. Cognizant Technol. Sol'ns Corp.*, Civil Action No. 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015).  The Court in *Kaavo* noted that "where

there is no evidence of direct competition at all… this subfactor does not support denial of a stay." *Id.* (granting a stay of patent infringement cases pending resolution of dispositive motions asserting patent invalidity of the patent at issue). Hanger does not practice in the field of the patents. Thus, Hanger faces no prejudice related to Squarespace's continued activity.

Squarespace, however, will be prejudiced if it is forced to actively litigate issues that could be resolved by its pending motion in the *DataCloud* action. *See, SCA Hygiene Products Aktiebolag v. Tarzana Enterprises,* 2017 WL 5952166 at *5 (C.D. Cal. Sep. 27, 2017) (finding no prejudice to patentee in granting defendant's stay motion, noting defendant's limited resources to defend itself in the case while simultaneously filing an IPR petition); *see Landis* 299 U.S. 248, 254-55 (A court "must weigh competing interests and maintain an even balance."). Allowing this recently-filed case to go forward would impose additional financial burdens on Squarespace, resulting in duplicative discovery on identical products and services proceeding on a different schedule. Squarespace should not be required to spend additional amounts on this action, especially when some of this work is likely to be rendered unnecessary depending on the outcome of the dispositive motion pending in the *DataCloud* action. Here, the balance of potential harms weighs in favor of granting a stay.

Finally, Squarespace does not seek a stay to obtain tactical advantage, but to promote judicial economy. This action, if it is not stayed, will simultaneously require significant judicial resources, most immediately to address discovery issues and motion practice. Identical asserted products and services and invalidity defenses are at issue. Staying this case pending a resolution of the dispositive motion in the *DataCloud* action, given the

10

simplification of issues noted above, undoubtedly will significantly reduce the burden of this litigation on the Court.  This factor weighs in favor of staying this action.

IV.  **CONCLUSION**

For the foregoing reasons, the Court should stay this action pending resolution of the Motion for Judgment on the Pleadings in the *DataCloud* action.

Dated: December 7, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

James W. Dabney (admitted *pro hac vice*)
James R. Klaiber (admitted *pro hac vice*)
Lynn M. Russo (admitted *pro hac vice*)
Michael M. Polka (admitted *pro hac vice*)
Justin W. Taylor (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004-1482
T: 212.837.6000
F: 212.422.4726
james.dabney@hugheshubbard.com
james.klaiber@hugheshubbard.com
lynn.russo@hugheshubbard.com
michael.polka@hugheshubbard.com
justin.taylor@hugheshubbard.com

**ATTORNEYS FOR DEFENDANT
SQUARESPACE, INC.**

11