IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HANGER SOLUTIONS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 21-cv-774-LPS |
| | : | |
| SQUARESPACE, INC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY**

FARNAN LLP
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

James W. Dabney (pro hac vice)
James R. Klaiber (pro hac vice)
Lynn M. Russo (pro hac vice)
Michael M. Polka (pro hac vice)
Justin E. Taylor (pro hac vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

Attorneys for Defendant
Squarespace, Inc.

Dated:  January 4, 2022

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT ................................................................................................................................ 1

      I.     THE UNDISPUTED FACTS MAKE CLEAR THAT A STAY WILL
           SIMPLIFY THE ISSUES IN THIS CASE AND PROMOTE JUDICIAL
           EFFICIENCY ................................................................................................... 2

      II.    THE PARTIES AGREE THAT THE STAGE OF THE PROCEEDINGS
           FAVORS A STAY ............................................................................................. 5

      III.   BECAUSE HANGER FAILS TO ARTICULATE ANY UNDUE
           PREJUDICE, THE BALANCE OF HARDSHIPS WEIGHS IN FAVOR
           OF A STAY. ...................................................................................................... 5

CONCLUSION ............................................................................................................................. 7

# TABLE OF AUTHORITIES

**Case**                                                                                              **Page(s)**

*Amgen Inc. v. Hospira, Inc.*,
   2021 WL 65065 (D. Del. Jan. 7, 2021) .................................................................. 4

*Dentsply Int'l Inc. v. Kerr Mfg. Co.*,
   734 F.Supp. 656 (D. Del. 1990) .......................................................................... 5

*Helios Software, LLC v. Spectorsoft Corp.*,
   2015 WL 1387583 (D. Del. Mar. 25, 2015) ......................................................... 4

*Hemostemix, Inc. v. Accudata Sols., Inc.*, No. 20-881-RGA,
   2021 U.S. Dist. LEXIS 60754 ........................................................................... 3, 4

*Kaavo Inc. v. Cognizant Technol. Sol'ns Corp.*,
   Nos. 14-1192-LPS-CJB and 14-1193-LPS-CJB,
   2015 WL 1737476, (D. Del. Apr. 9, 2015) ......................................................... 6

*Landis v. North American Co.*,
   299 U.S. 248 (1936) .................................................................................... 2, 6, 4

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) ......................................................................................... 3

*Sorensen ex rel. Sorensen Research and Development Trust v. Black and Decker Corp.*,
   2007 WL 2696590 (S.D. Cal. Sept. 10, 2007) ..................................................... 6

*United Carbon Co. v. Binney & Smith Co.*,
   317 U.S. 228 (1942) .......................................................................................... 2

*UCB, Inc. v. Zydus Pharms. (USA) Inc.*,)
   No. 16-903-LPS, 2017 U.S. Dist. LEXIS 159722, (D. Del. Sep. 28, 2017) .... 4, 6

**Statutes**

35 U.S.C. § 112 .................................................................................................. 1, 2

**ARGUMENT**

Defendant Squarespace, Inc. moves to stay this action pending the outcome of its Motion to Dismiss in *DataCloud Technologies, LLC v. Squarespace, Inc.*, No. 21-cv-164-LPS (the "*DataCloud* action"), because (1) the issues in this case will be simplified by any findings in that action; (2) this case is in its infancy; and (3) Plaintiff will not be prejudiced by a stay. Plaintiff's answering brief (D.I. 22) does not controvert any of the following points:

1. Hanger and DataCloud have the same corporate parent, the same address, the same agent who has asserted both patent portfolios in communications with Squarespace, and have asserted patents "in the same manner, using the same language, against the same products and services." D.I. 18 at 11; D.I. 22 at 3-4.

2. Squarespace has raised the same invalidity defenses in both this action and the *DataCloud* action, specifically, that all claims asserted in both proceedings are "invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2." *See* D.I. 14 at ¶¶ 57, 88, 103; *DataCloud* action, D.I. 13 at ¶¶ 72, 97, 103, 110.

3. Both cases are in the same Court (and before the same judge), which has discretion to control its docket and conserve its resources as it sees fit.

4. This case is at an earlier stage than the *DataCloud* action, and a hearing on the potentially dispositive issues in that action is scheduled for January 20, 2022. *See DataCloud* action, D.I. 36. Both parties agree that the stage of the proceedings favors a stay. *See*, D.I. 18 at 12; D.I. 22 at 10. Further, the requested stay is of limited duration.

5. All patents asserted by Hanger are expired, and Hanger's sole remedy of monetary damages plus potential prejudgment interest remains available regardless of any delay in the proceedings.

6. Squarespace is not seeking a tactical advantage in requesting this stay.

Plaintiff's answering brief also fails to contradict that: this case and the *DataCloud* action are related; the outcome of the pending *DataCloud* motion would likely be conclusive in this action; and the only possible harm to Plaintiff results from ordinary delay. Instead, Plaintiff makes plain that it opposes this stay in order to obtain a tactical advantage in its "enforce[ment]"

1

efforts against unnamed third parties.  D.I. 22 at 10.  Accordingly, the requested stay should issue.

## I.     THE UNDISPUTED FACTS MAKE CLEAR THAT A STAY WILL SIMPLIFY THE ISSUES IN THIS CASE AND PROMOTE JUDICIAL EFFICIENCY

Both parties agree that this Court has "broad discretion to stay proceedings" and cite *Landis v. North American Co.*, 299 U.S. 248 (1936), which holds that a court is empowered to do so even in disparate cases.  *Id.*, 299 U.S. at 254.

Hanger admits to sharing a common corporate parent with DataCloud, D.I. 22 at 4, and does not deny also sharing a common corporate address and a common agent who has asserted patents from both Hanger and DataCloud in communications with Squarespace.  Strikingly, Plaintiff is unable to articulate a single distinction between Hanger and DataCloud beyond the difference in patents assigned to each.  *See* D.I. 22 at 6-7.

Hanger inexplicably refers to invalidity arguments that Squarespace "intends to raise" under 35 U.S.C. § 112 ¶ 1 and 35 U.S.C. § 112 ¶ 2 (D.I. 22 at 4), as if Squarespace had not *already* raised these arguments as affirmative defenses in its Answer, which Hanger does not dispute.  *See* D.I. 14 ¶¶ 57, 88, 103; D.I. 22 at 8-9 (referring to "the invalidity arguments raised in this action").  These affirmative defenses, namely that all patent claims asserted in this case "are invalid as claiming the function or result of a machine in contravention of the requirements of 35 U.S.C. § 112 ¶¶ 1 and 2," are *identical* to those raised in the *DataCloud* action. *See* *DataCloud* action D.I. 23 ¶¶ 112, 137, 143, 150, 159, 165, 171.  Plaintiff's argument that these defenses "are 'identical' only in that they rely on the same statutory basis" (D.I. 22 at 4-5) thus ignores the actual language of these affirmative defenses.  Furthermore, as explained in Squarespace's pending motion in the *DataCloud* action, each of the claims of the asserted

patents "violate[] the 'particularly pointing out' provision of 35 U.S.C. § 112 ¶ 2" as well as *United Carbon*'s "'rule that a patentee may not broaden his claims by describing the product in terms of function.'" *DataCloud* action D.I. 25 at 7-20 (quoting *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228 (1942)).  Plaintiff's half-hearted attempt to reargue the merits of that motion (*see* D.I. 22 at 8) mirror those of its doppelgänger DataCloud, which did not address whether the asserted patents satisfy *United Carbon* "rule" and instead urge the Court to *disregard* and *refuse to enforce* the legal standard of "particularly pointing out" set forth in a long series of Supreme Court decisions and restated in *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996).  *See DataCloud* action D.I. 25 at 6-15.  Given the identity of the defenses and DataCloud's and Hanger's common stance regarding these authorities, the outcome of Squarespace's pending motion in the *DataCloud* action is hardly "speculative" (D.I. 6) and is likely to be conclusive in this case.

Plaintiff's contention that the accused products are not the same is belied by the undisputed reality that the allegedly infringing "website design[] products and services" identified by Hanger (D.I. 1 ¶¶ 19-20, 24, 30, 37, D.I. 1-4, 1-5) are *literally identical* to those accused in the DataCloud action (*DataCloud* action D.I. 21 ¶¶ 18-19, 22, 38, 52, D.I. 21-2 at 159-210).  *Compare*, D.I. 1-4 at 1-12 (Hanger Exhibit D) with *DataCloud* action D.I. 21-2 at 159-170 (DataCloud Exhibit G) ("Products Offered"); D.I. 1-5 at 1-40 (Hanger Exhibit E) with *DataCloud* action D.I. 21-2 at 171-210 (DataCloud Exhibit H) ("Webpage: Training for Products").  Thus, Hanger's arguments that the plaintiffs and accused products are insufficiently identical to grant a stay fail.

Plaintiff cites *Hemostemix, Inc. v. Accudata Sols., Inc.*, No. 20-881-RGA, 2021 U.S. Dist. LEXIS 60754 as a case where a stay was denied due to insufficient overlap, but the issues and

3

procedural posture in that case was entirely different.  *Hemostemix* was a Delaware federal action involving a dispute over ownership of clinical data.  *Id*. at **1-2.  The plaintiff was also involved in a Florida state court action regarding a licensing agreement with a defendant who was an intervenor in the Delaware action.  *Id*. at *2.  The Delaware Court denied a motion to stay in favor of the Florida action because there were "different agreements" involved in the two cases, resolution of the Florida action would not "resolve the controversy between parties to the federal action" (*Hemostemix*, LEXIS 60754 at **6-7), and critically, where granting the requested stay "could unduly prejudice" the plaintiff, who required timely access to the clinical data as part of a clinical trial.  *Id.* at **8-9.  No similar prejudice is present here.

And Plaintiff's arguments that the present case cannot be stayed pending the determination of a dispositive motion in the *DataCloud* action because the cases are insufficiently similar is at odds with *Landis*, 299 U.S. 248 at 254, which scoffed at the argument that "before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical."  Instead, the situation here is analogous to that in *UCB, Inc. v. Zydus Pharms. (USA) Inc.*, No. 16-903-LPS, 2017 U.S. Dist. LEXIS 159722, at *3 (D. Del. Sep. 28, 2017) (Holding that an invalidity determination in a parallel action "would moot some or all of plaintiff's claims."), *Helios Software, LLC v. Spectorsoft Corp.,* No. 15-20-LPS-CJB, 2015 WL 1387583, at *1 (D. Del. Mar. 25, 2015) (Resolution of "invalidity-related arguments made" in an earlier-filed case "will likely have an impact on this matter."), and *Amgen Inc. v. Hospira, Inc.*, No. 20-561-CFC, 2021 WL 65065, at *2 (D. Del. Jan. 7, 2021) ("Staying the instant action will help prevent overlapping invalidity and noninfringement issues from unnecessarily being tried twice.").

4

## II.   THE PARTIES AGREE THAT THE STAGE OF THE PROCEEDINGS FAVORS A STAY

The parties agree that this case is in its early stages, which favors a stay.  D.I. 18 at 12;

D.I. 22 at 10; *see UCB*, 2017 U.S. Dist. LEXIS 159722, at **4-5.

## III.   BECAUSE HANGER FAILS TO ARTICULATE ANY UNDUE PREJUDICE, THE BALANCE OF HARDSHIPS WEIGHS IN FAVOR OF A STAY.

Plaintiff does not argue[1] that Squarespace seeks, or would gain, any tactical advantage

from the requested stay, and admits that any potential harm to Plaintiff would be—at most—

"slight."  D.I. 22 at 10.  Plaintiff's unsupported assertion that it is "a small company with limited

resources" does not suggest any harm from a stay, as any narrowing of issues in this proceeding

would conserve the resources of both parties and this Court.  *Id.*  Rather, it is clear that it is

*Plaintiff* that seeks a tactical advantage in opposing the stay, claiming that this action must

advance so that Plaintiff may "identify other infringers," an assertion both nonsensical (i.e., the

resources saved by Plaintiff could be used to "enforce its patent rights against other parties") and

transparent in its laying bare of Plaintiff's intentions.  *Id.*

Plaintiff's heavy reliance (*See* D.I. 22 at 5, 10) on *Dentsply Int'l Inc. v. Kerr Mfg. Co.*,

734 F.Supp. 656, 658 (D. Del. 1990), is inappropriate.  *Dentsply* involved patent and trademark

infringement allegations against competitors (*Dentsply*, 734 F.Supp. at 657-58), where the

movant sought a stay of a case already scheduled for trial in favor of the movant's second-filed

case.  *Id.* at 659 ("In essence, [movant] merely wants its later filed action to be tried first.").  The

---

[1] Hanger no longer argues that a stay would provide a tactical advantage to Squarespace by delaying discovery relevant to Squarespace's invalidity defenses, apparently recognizing that such discovery would not be relevant to the legal issues raised by Squarespace's pending motion in the *DataCloud* action and that a delay in any such discovery is not unduly prejudicial to Hanger.  *See* D.I. 20 at 1, n. 1.

Court held that the plaintiff faced prejudice if the adjudication of such claims was delayed. *Id.* Here, Squarespace acted expeditiously in seeking a stay in favor of the first-filed *DataCloud* action as soon as it became clear that Plaintiff intended to advance this second-filed action out of turn. *See* D.I. 20 at 1, n. 1.  Plaintiff does not compete with Squarespace (*see* D.I. 1 ¶ 17), and the remedy of monetary damages plus potential prejudgment interest is capable of fully compensating the Plaintiff. *See Kaavo Inc. v. Cognizant Technol. Sol'ns Corp.,* Nos. 14-1192-LPS-CJB and 14-1193-LPS-CJB, 2015 WL 1737476, (D. Del. Apr. 9, 2015) (No prejudice where "no evidence of direct competition.")  Thus, any "slight" prejudice (D. I. 22 at 10) resulting from a short stay of proceedings "is not a persuasive reason to deny" Squarespace's motion to stay. *Sorensen ex rel. Sorensen Research and Development Trust v. Black and Decker Corp.*, 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007), at *4; *UCB*, 2017 U.S. Dist. LEXIS 159722, *5 ("[A] stay of an appropriate length will not unduly prejudice Plaintiffs.").

Plaintiff misquotes *Landis* and *UCB* in urging this Court that in evaluating an "even balance" (*Landis*, 299 U.S. at 254), it is "inherent" that Squarespace must establish "hardship" in going forward with this case.  D.I. 22 at 7-8.  As set forth in Squarespaces's opening brief, the hardship that would be caused by forcing Squarespace to litigate *identical* invalidity issues in cases involving *identical* accused products and services against twin plaintiffs acting in concert is self-evident. *See* D.I. 18 at 14-15.  And in *UCB*, this Court found that where "the parties' and the Court's resources" were likely to be conserved, no showing of hardship was inherently required.  2017 U.S. Dist. LEXIS 159722, *5; *see id.*, *3, *6 n.4 (Holding that "sometimes" courts consider such a showing, and finding "no reason to analyze whether Defendants would face hardship."); *see also Landis* 299 U.S. at 166 (showing of "hardship" only required where a stay would "work damage to some one else.").  Here, because a stay of "appropriate length" in

6

favor of Squarespace's pending motion in the *DataCloud* action works no cognizable damage to Plaintiff, the requested stay should issue. *UCB*, 2017 U.S. Dist. LEXIS 159722, *5.

## CONCLUSION

For the reasons set forth above, the Court should grant Squarespace's Motion to Stay.

Dated: January 4, 2022

Respectfully submitted,

FARNAN LLP

  /s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


James W. Dabney (pro hac vice)
James R. Klaiber (pro hac vice)
Lynn M. Russo (pro hac vice)
Michael M. Polka (pro hac vice)
Justin E. Taylor (pro hac vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004-1482
T: 212.837.6000
F: 212.422.4726
james.dabney@hugheshubbard.com
james.klaiber@hugheshubbard.com
lynn.russo@hugheshubbard.com
michael.polka@hugheshubbard.com
justin.taylor@hugheshubbard.com

**ATTORNEYS FOR DEFENDANT
SQUARESPACE, INC.**